# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS JONATHAN REINA-DIAZ,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-2729-KES-SAB-HC<br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br>(ECF No. 4) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Honduras who entered the United States at an unknown date and time[1] without being admitted or paroled after inspection by an immigration officer. (ECF No. 9 at 40.[2]) In 2021, Petitioner was convicted of sexual abuse of a minor, in violation of Maryland Statute 3-602(B)(1), and sentenced to twenty-five years in prison with a suspended sentence of fifteen years. (ECF No. 9 at 9–35, 40, 47.)

On December 29, 2022, the Department of Homeland Security issued a notice to appear, charging Petitioner as removable under sections 212(a)(6)(A)(i) and 212(a)(2)(A)(i)(I) of the

[1] Petitioner has stated that he last entered the United States in April 2008. (ECF No. 9 at 46.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

Immigration and Nationality Act ("INA"). (ECF No. 9 at 40–43.) Petitioner was placed in the Institutional Hearing Program ("IHP") so his immigration court hearings could be conducted during his incarceration. (Id. at 3, 52.) On July 10, 2025, an immigration judge ("IJ") ordered Petitioner removed to Honduras. (Id. at 52, 55–71.) On August 11, 2025, Petitioner appealed the decision of the immigration judge. (Id. at 73.) On March 20, 2026, Enforcement and Removal Operations ("ERO") arrested Petitioner upon his release from the Eastern Correctional Institution Custody where he had been serving his sentence. (Id. at 52.)

On April 10, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 3.) On April 16, 2026, Respondents filed an answer to the petition, and Petitioner filed a reply on April 27, 2026. (ECF Nos. 9, 11.) On May 5, 2026, the assigned district judge denied the motion for TRO because the "detention of those who have committed such a crime involving moral turpitude is mandate under 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petitioner's detention is not prolonged as he has been in ICE custody only since March 2026." (ECF No. 13.)

On May 18, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. See https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 18, 2026). On August 17, 2026, the Court ordered the parties to file supplemental briefs in light of the BIA's dismissal of Petitioner's appeal. (ECF No. 22.) On August 31, 2026, Respondents filed a supplemental brief. (ECF No. 23.) To date, Petitioner has not filed a supplemental brief, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Mootness

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). The authority to detain certain noncitizens pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c). "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A special statute authorizes further detention if the Government fails to remove the alien during those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

Respondents assert that "Petitioner is detained under 8 U.S.C. § 1231(a)(6) because he is subject to an administratively final order of removal" and "his detention is thus presumptively reasonable for up to six months." (ECF No. 23 at 1, 2.) Petitioner's order of removal became administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i). As there is nothing in the record before this Court that Petitioner's removal order is being judicially reviewed and removal has been stayed, the removal period commenced on May 18, 2026, the date Petitioner's removal order became administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, Petitioner's detention authority has shifted to § 1231. This Court has found that "[a] petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Garcia Fernandez v.

Chestnut, No. 2:26-CV-00571 JLT EPG (HC), 2026 WL 1457335, at *1 (E.D. Cal. May 22, 2026) (internal quotation marks omitted) (quoting Baires v. Lynch, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)). "Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process." Garcia Fernandez, 2026 WL 1457335, at *1 (citing Ortega v. Warden of Golden State Annex ICE Detention Facility, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); Aguilar Garcia v. Kaiser, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025)). See also Singh v. Warden, No. 1:26-CV-01242-DAD-JDP, 2026 WL 523191, at *2 (E.D. Cal. Feb. 25, 2026) ("[P]etitioner challenges his detention under a theory that his detention has become prolonged in violation of due process. It is unclear whether petitioner was subject to pre-removal custody under § 1225(b), § 1226(a), or § 1182. Nonetheless, that is of no moment here because he is now clearly subject to a final order of removal. This means that his claim has been rendered moot."). Accordingly, the Court recommends finding that the petition is moot.[3]

**B. Motion to Appoint Counsel**

Petitioner has moved for appointment of counsel. (ECF No. 4.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that the petition should be dismissed as moot, the Court will deny the motion.

---

[3] "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-CV-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (ECF No. 1) be DISMISSED as moot.

Further, the Court DENIES Petitioner's motion to appoint counsel (ECF No. 4).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge